**E-Filed 10/12/05**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SUN MICROSYSTEMS, INC., et al.,<br><br>           Plaintiffs,<br><br>   v.<br><br>SEAORIA SIGNARS LEMA, et al.,<br><br>           Defendants. | Case Number C 04-04968 JF<br><br>ORDER[1] GRANTING IN PART PLAINTIFFS' MOTION FOR FURTHER ATTORNEY'S FEES<br><br>[Docket No. 45] |

Plaintiffs Sun Microsystems, Inc. and Sun Microsystems, Inc. Tax Deferred Retirement Savings Plan ("Plan") (collectively "Plaintiffs") brought this action in interpleader pursuant to the Employee Retirement Income Security Act of 1974 and Federal Rule of Civil Procedure 22 to determine who among the seven Defendants is or are the proper beneficiary or beneficiaries of Michael H. Lema's account under the Plan.[2]  On June 9, 2005, the Court granted in part and denied in part Plaintiffs' initial motion for attorney's fees and costs, awarding Plaintiffs the full

---

[1] This disposition is not designated for publication and may not be cited.

[2] The Court's Order of June 9, 2005, recites the factual background of this action, which the Court will not repeat here.

amount of attorney's fees and costs they requested—$16,086.21—charging $8,148.75 against Michael-Anthony Lawrence Lema and the remaining $7,937.46 against the interpleaded fund.

Plaintiffs now move to recover from the interpleaded fund $12,860.00 in attorney's fees incurred in April and May 2005 in prosecuting this interpleader action that were not included in their previous motion for attorney's fees and costs.[3] Defendant Seaoria Signars Lema opposes the motion for further attorney's fees "to the extent such fees were incurred by Plaintiffs in contesting their right to attorney's fees." Opp'n at 1. Having considered the briefs and the arguments of counsel at the hearing on October 7, 2005, the Court concludes that a further award of attorney's fees is appropriate but that the amount requested by Plaintiffs is excessive. Indeed, granting Plaintiffs the full amount of attorney's fees requested is not warranted by the recognized policy reasons supporting the award of attorney's fees to stakeholders. *See Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 193-94 (9th Cir. 1962); *see also Trs. of the Dirs. Guild of Am.–Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000) (stating that awards of attorney's fees are "properly limited to those fees that are incurred in filing the action and pursuing the plan's release from liability").

Good cause therefore appearing, IT IS HEREBY ORDERED that Plaintiffs shall be entitled to a further award of attorney's fees in the amount of $3,215.00, to be assessed against the interpleaded fund.

DATED: October 11, 2005

      /s/ electronic signature authorized
      JEREMY FOGEL
      United States District Judge

---

[3] The Court's calculation of attorney's fees and costs awarded in its Order of June 9, 2005, was based on invoices showing legal work by Plaintiffs' counsel through March 21, 2005.

Case No. C 04-04968 JF
ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR FURTHER ATTORNEY'S FEES
(JFEX1)

1  This Order has been served upon the following persons:

2
3  R. Bradford Huss           bhuss@truckerhuss.com
   Clarissa A. Kang           ckang@truckerhuss.com
4
   Jonathan Marc Kaplan       jonnymkap@aol.com
5
   Loren Nizinski             elniz@aol.com, Lidiaa@mylalaw.com
6
   Karen Elaine Phillips      kphillips@truckerhuss.com
7
   Robert Frank Schwartz      rschwartz@truckerhuss.com, pmahoric@truckerhuss.com
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

Case No. C 04-04968 JF
ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR FURTHER ATTORNEY'S FEES
(JFEX1)