1

2 **E-filed on 2/2/06**

3

4

5

6

7 NOT FOR CITATION

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10 **SAN JOSE DIVISION**

11

12 SUN MICROSYSTEMS, INC., et al.,                Case Number C 04-04968 JF

13          Plaintiffs,                ORDER (1) GRANTING MOTION
                                       FOR SUMMARY JUDGMENT OF
14    v.                               SEAORIA SIGNARS LEMA, AND (2)
                                       DENYING CROSS-MOTION FOR
15 SEAORIA SIGNARS LEMA, et al.,       SUMMARY JUDGMENT OF DAVID
                                       THOMAS LEMA, GABRIELLE LYN
16          Defendants.                LEMA, PAUL PHILLIP LEMA,
                                       PAULA SARAH LEMA, AND
17                                     TOMICA ANN PARHAM-LEMA

18                                     [Docket Nos. 60 and 62]

19

20

21

22          On November 8, 2005, Defendant Seaoria Signars Lema ("Seaoria") filed a motion for

23 summary judgment, asking the Court to declare her the sole beneficiary of the Sun Microsystems,

24 Inc. ("Sun") Tax Deferred Retirement Plan ("Plan") of Michael H. Lema ("Decedent").  On

25 December 29, 2005, Defendants David Thomas Lema ("David"), Gabrielle Lyn Lema

26 ("Gabrielle"), Paul Phillip Lema ("Paul"), Paula Sarah Lema ("Paula"), and Tomica Ann

27 Parham-Lema ("Tomica") (collectively, "David et al.") filed opposition to Seaoria's motion for

28

1   summary judgment.  With their opposition, David et al. filed a cross-motion for summary

2   judgment, asking the Court to declare that David et al., and non-moving Defendant Michael-

3   Anthony Lema ("Michael Anthony"), are the valid beneficiaries of the plan.[1]  Seaoria filed a

4   reply in support of her motion for summary judgment and opposition to the motion of David et

5   al.  David et al. have not filed a reply in support of their cross-motion for summary judgment.

6   The Court heard oral argument on January 20, 2006.

7

8                                **I. BACKGROUND**

9        Decedent was a participant in the Plan and was eligible to designate a beneficiary or

10  beneficiaries to receive, in the event of his death, payment of any portion of his Plan benefits that

11  was not distributed prior to his death.  The terms of the Plan state that "[i]f a married Participant

12  designates someone other than his or her spouse as the Beneficiary with respect to any portion of

13  his or her Accounts, shall be invalid unless the spouse consents to such designation."

14  Declaration of Karen E. Phillips ("Phillips Decl."), Ex. B, p. 22.  Valid spousal consent "shall be

15  in writing, shall acknowledge the effect of the Participant's election, shall specify the non-spouse

16  Beneficiary being designated . . . and shall be witnessed by a Plan representative or notary

17  public." *Id.*  When Decedent enrolled in the Plan in February 1989, he listed only his six

18  children, Michael-Anthony, David, Gabrielle, Paul, Paula, and Tomica, as equal beneficiaries on

19  his employee benefit plan beneficiary designation form.  Seaoria's Motion for Summary

20  Judgment, Ex. A.[2]  Decedent signed the form on February 6, 1989, Seaoria signed it on February

21

22        [1] Defendants David et al. did not file their cross-motion for summary judgment in
23  compliance with Local Rules 7-1 and 7-2.  The motion was not separately noticed or filed at least
24  35 days prior to the scheduled hearing.  Civ. L.R. 7-1(a)(1) and 7-2(a).  However, because the
    issues presented by the cross-motion for summary judgment are identical to those raised in
25  Seaoria's motion for summary judgment, the Court in its discretion will consider the two motions
    concurrently.
26
27        [2] Defendants Seaoria, David, Gabrielle, Paul, Paula, and Tomica stipulate to the
    authenticity of the employee benefit plan beneficiary designation form dated February 6, 1989.

28                                      2
    Case No. C 04-04968 JF
    ORDER (1) GRANTING MOTION FOR SUMMARY JUDGMENT OF SEAORIA SIGNARS LEMA, AND (2)
    DENYING CROSS-MOTION FOR SUMMARY JUDGMENT OF DAVID THOMAS LEMA, GABRIELLE LYN
    LEMA, PAUL PHILLIP LEMA, PAULA SARAH LEMA, AND TOMICA ANN PARHAM-LEMA
    (JFLC1)

1   9, 1989, and the Plan representative signed it on February 17, 1989. *Id.* The fact that neither a

2   Plan representative nor notary public was present at the time Seaoria signed the form does not

3   appear to have been discovered until at least July 2004.[3]

4        More than twelve years later, in July 2001, Decedent attempted to designate the Michael

5   Henry Lema Trust ("Lema Trust") as the beneficiary of his Plan benefits using Sun's online Plan

6   administration system. Phillips Decl., Ex. C. Plaintiffs assert that when he did so, the system

7   generated a notification informing Decedent that, in order for his designation to be valid, he

8   needed to provide the Plan with written spousal consent to the beneficiary designation. Plaintiffs

9   also assert that the Plan never received such consent from Seaoria, and thus, under the terms of

10  the Plan, this beneficiary designation is invalid as well. The Lema Trust is not a party to this

11  action, and no party to this action argues that this 2001 beneficiary designation is valid.

12       Decedent died on November 14, 2001. Phillips Decl., Ex. D. At the time of his death,

13  Decedent had benefits under the Plan that had not yet been distributed to him. As of April 7,

14  2005, the value of the benefits was $127,796.37. Phillips Decl. ¶ 12. Following a dispute among

15  the Defendants, Plaintiffs Sun and Sun Microsystems, Inc. Tax Deferred Retirement Savings

16  Plan brought this action in interpleader pursuant to the Employee Retirement Income Security

17  Act of 1974 ("ERISA") and Federal Rule of Civil Procedure 22 to determine who among the

18  seven Defendants is or are the proper beneficiary or beneficiaries of Decedent's account under

19  the Plan. On June 9, 2005, this Court issued an order authorizing Plaintiffs to deposit benefits

20  with the Court and discharging them from further liability.

21       Seaoria now argues that the February 1989 enrollment form is invalid, and moves for

22  summary judgment to declare her the sole beneficiary of the Plan. David et al. argue that the

23  February 1989 enrollment form is valid, and move for summary judgment to declare that they,

24

25

26       [3] Seaoria's counsel has submitted a declaration that he called Plaintiffs' attention to the
    potential invalidity of this designation in August 2004. Declaration of Jonathan M. Kaplan ¶¶ 2,
27  3.

28                                                    3

1  along with Michael-Anthony, are the sole beneficiaries of the Plan.[4]

2

3  **II. LEGAL STANDARD**

4  A motion for summary judgment should be granted if there is no genuine issue of

5  material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.

6  56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party bears

7  the initial burden of informing the Court of the basis for the motion and identifying the portions

8  of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that

9  demonstrate the absence of a triable issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.

10  317, 323 (1986).

11  If the moving party meets this initial burden, the burden shifts to the non-moving party to

12  present specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e);

13  *Celotex*, 477 U.S. at 324.  A genuine issue for trial exists if the non-moving party presents

14  evidence from which a reasonable jury, viewing the evidence in the light most favorable to that

15  party, could resolve the material issue in his or her favor.  *Anderson*, 477 U.S. 242, 248-49;

16  *Barlow v. Ground*, 943 F.2d 1132, 1134-36 (9th Cir. 1991).

17  "When the nonmoving party has the burden of proof at trial, the moving party need only

18  point out 'that there is an absence of evidence to support the nonmoving party's case.'"

19  *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477

20  U.S. 317, 325 (1986)).  Once the moving party meets this burden, the nonmoving party may not

21  rest upon mere allegations or denials, but must present evidence sufficient to demonstrate that

22

23  ───────────────

24  [4] Additional facts have been alleged in the pleadings, some of which are disputed.  For example, parties dispute whether Seaoria was living with Decedent in February 1989, when the

25  employee benefit plan beneficiary designation form was signed.  They also dispute whether Seaoria understood the financial impact of signing the waiver.  None of these alleged facts has

26  been presented to the Court in the form of competent, admissible evidence.  However, because the Court concludes that the February 6, 1989 beneficiary designation is invalid as a matter of

27  law, these factual disputes are immaterial.

28

Case No. C 04-04968 JF
ORDER (1) GRANTING MOTION FOR SUMMARY JUDGMENT OF SEAORIA SIGNARS LEMA, AND (2)
DENYING CROSS-MOTION FOR SUMMARY JUDGMENT OF DAVID THOMAS LEMA, GABRIELLE LYN
LEMA, PAUL PHILLIP LEMA, PAULA SARAH LEMA, AND TOMICA ANN PARHAM-LEMA
(JFLC1)

1  there is a genuine issue for trial.  *Id.*

2

3  **II. DISCUSSION**

4     The Court concludes that the employee benefit plan beneficiary designation form dated

5  February 6, 1989 is invalid because it did not inform Seaoria expressly of the effect of her

6  waiver.  ERISA allows a plan participant to "elect at any time during the applicable election

7  period to waive the qualified joint and survivor annuity form of benefit or the qualified

8  preretirement survivor annuity," but only if:

9         (i) the spouse of the participant consents in writing to such election,
          (ii) such election designates a beneficiary (or a form of benefits) which may not
10     be changed without spousal consent (or the consent of the spouse expressly
       permits designations by the participant without any requirement of further consent
11     by the spouse), and
          (iii) the spouse's consent *acknowledges the effect of such election* and is
12     witnessed by a plan representative or a notary public

13  29 U.S.C. §§ 1055(c)(1)(A)(I) and (c)(2)(A) (emphasis added).

14     California's doctrine of substantial compliance, while it has been applied in the Ninth

15  Circuit to a narrow category of ERISA cases, does not apply to the discrete issue of whether "the

16  spouse's consent acknowledges the effect of such election [of a non-spouse beneficiary]."  In

17  *Bankamerica Pension Plan v. McMath*, a case in which the plan participant failed to sign the

18  beneficiary designation form, the Ninth Circuit applied the California doctrine of substantial

19  compliance because that doctrine "on the facts of this case affects only the ultimate ownership of

20  the benefits."  *Bankamerica,* 206 F.3d 821, 830 (9th Cir. 2000).  The court reasoned that the

21  connection with ERISA was too "'tenuous, remote, or peripheral' to trigger preemption."  *Id.*  In

22  contrast, the question of whether the spouse's consent acknowledges the effect of electing a non-

23  spouse beneficiary is not "tenuous, remote, or peripheral" to the substance and meaning of

24  ERISA.  Accordingly, federal common law applies.  "Under ERISA, Congress has authorized the

25  courts 'to formulate a nationally uniform federal common law to supplement the explicit

26  provisions and general policies set out in [the Act].'"  *Security Life Ins. Co. of America v.*

27  *Meyling*, 146 F.3d 1184, 1191 (9th Cir. 1998) (quoting *Peterson v. American Life & Health Ins.*

28

5

1    *Co.*, 48 F.3d 404, 411 (9th Cir.1995)).

2           The employee benefit plan beneficiary designation form contains a single paragraph

3    concerning "Consent of Spouse," which states:

4           If you are married and wish to designate someone other than or in addition to your
            spouse, your spouse must sign this form.  Your spouse's consent will reduce the

5           potential for contested distribution of your account balance in the event of your
            death.

6

7    Seaoria's Motion for Summary Judgment, Ex. A.  There is nothing in this clause, or elsewhere in

8    the designation form, that expressly acknowledges the effect of electing a non-spouse

9    beneficiary, i.e., that the spouse is giving up his or her legal entitlement to the Plan participant's

10   benefits.  The clause, like the clause at issue in *Lasche v. George W. Lasche Basic Retirement*

11   *Plan*, "does not describe or explain the right that the spouse is giving up (i.e. to get all the money

12   in the account)."  *Lasche*, 870 F. Supp. 336, 338 (S.D. Fla. 1994)*, aff'd, Lasche v. George W.*

13   *Lasche Basic Profit Sharing Plan*, 111 F.3d 863 (11th Cir. 1997).[5]

14          The 1989 designation also is likely invalid on the ground that Seaoria's signature,

15   waiving her spousal benefits, was not witnessed by a Plan representative or notary public.

16   Defendants David et al. argue that the California doctrine of substantial compliance applies to the

17   question of whether Seaoria's signature was valid.  While the question of whether the California

18   doctrine of substantial compliance applies to this issue is closer than it is with respect to the

19   consent issue described above, the most reasonable reading of the Ninth Circuit's decision in

20   *BankAmerica* is that it does not.  The issue of whether a spouse's signature, waiving his or her

21

22          [5] The clause at issue in *Lasche* reads as follows:

23          I am the spouse of the participant who made the beneficiary designation on this
            form and I consent to it. I understand that if someone other than me has been

24          designated beneficiary, my consent means that I give up rights I may have under
            the Plan and applicable law (other than rights I may later have as the survivor in a

25          joint annuity with the participant) to receive those amounts payable under the Plan
            by reason of the participant's death to which I would otherwise be entitled if I

26          were the Participant sole beneficiary.

27

28                                                    6

1   spousal benefits, was witnessed is an issue that touches on central policy intentions behind

2   ERISA. *See, e.g.*, *Lasche*, 111 F.3d at 867 ("strict ERISA requirements designed to ensure a

3   valid waiver of a spouse's retirement plan are consistent with the legislative policy of protecting

4   spousal rights").

5       Even assuming that the California doctrine of substantial compliance does apply, there is

6   little support for the contention that the unwitnessed signature of Seaoria would meet the

7   requirements of that doctrine.  In *BankAmerica*, the Ninth Circuit applied the following doctrine

8   of substantial compliance:

9           Where the insured makes every reasonable effort under the circumstances,
           complying as far as he is able with the rules, and there is a clear manifestation of
10          intent to make the change, which the insured has put into execution as best he can,
           equity should regard the change as effected.

11

12  *Bankamerica,* 206 F.3d at 867 (quoting *Pimentel v. Conselho Supremo De Uniao Portugeuza Do*

13  *Estado Da California*, 6 Cal.2d 182, 188 (1936)).  While it is arguable that there was a "clear

14  manifestation of intent to make the change," it far from clear that Decedent complied "as far as

15  he [was] able with the rules."  There is no argument or evidence suggesting that Decedent was

16  unable to obtain a signature by Seaoria that was witnessed by a Plan representative or a notary

17  public.  In any event, having found that the February 6, 1989 employee benefit plan beneficiary

18  designation form is invalid on the ground that the spouse's consent does not acknowledge the

19  effect of electing a non-spouse beneficiary, the Court need not decide whether the California

20  doctrine of substantial compliance applies to this issue, and, if it did, whether it would be

21  satisfied in this case.

22      Thus, because neither the February 6, 1989 beneficiary designation form nor the July

23  2001 online beneficiary designation is valid, Seaoria is the sole beneficiary of Decedent's plan.

24

25                               **III. ORDER**

26      Good cause therefore appearing, IT IS HEREBY ORDERED that Seaoria's motion for

27  summary judgment is GRANTED.  The cross-motion for summary judgment brought by David

28                                    7

1   and the other purported beneficiaries is DENIED.

2

3   DATED: February 2, 2006

4

5   _____
    JEREMY FOGEL
6   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        8

1   This Order has been served upon the following persons:

2   R. Bradford Huss          bhuss@truckerhuss.com,

3   Clarissa A. Kang          ckang@truckerhuss.com

4   Jonathan Marc Kaplan      jonnymkap@aol.com,

5   Loren Nizinski            elniz@aol.com, Lidiaa@mylalaw.com

6   Karen Elaine Phillips     kphillips@truckerhuss.com,

7   Robert Frank Schwartz     rschwartz@truckerhuss.com, pmahoric@truckerhuss.com

Case No. C 04-04968 JF
ORDER (1) GRANTING MOTION FOR SUMMARY JUDGMENT OF SEAORIA SIGNARS LEMA, AND (2)
DENYING CROSS-MOTION FOR SUMMARY JUDGMENT OF DAVID THOMAS LEMA, GABRIELLE LYN
LEMA, PAUL PHILLIP LEMA, PAULA SARAH LEMA, AND TOMICA ANN PARHAM-LEMA
(JFLC1)